IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTHONY MUÑOZ RIVERA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2308CCC
(Related Cr. 13-0534-36CCC)

**OPINION AND ORDER**

Before the Court are the following motions: (a) Anthony Muñoz Rivera's ("Petitioner" or "Muñoz Rivera") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence; (**d.e. 1**); (b) the United States of America's ("Respondent") Response in Opposition (d.e. 5); (c) Petitioner's Reply to Respondent's Response in Opposition (d.e. 11); and (d) Petitioner's Amended Reply to Respondent's Response in Opposition (d.e. 12). For the reasons discussed below, the Court finds the Petition shall be dismissed.

**I.  BACKGROUND**

On August 15, 2013, Petitioner was charged with one hundred twenty-five (125) other co-defendants in a six count Indictment[1] (Criminal No. 13-534, d.e. 3). On December 18, 2012, Munoz Rivera pled guilty to conspiracy to possess with intent to distribute at least 400 grams but less than 500 grams of cocaine within a protected location in violation of 21 U.S.C. §§ 841, 846 and 860 (Count One), and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(C)(1)(A) (Count Six) (Criminal No. 13-534, d.e. 3249). On September 11, 2015, the Court sentenced Muñoz Rivera to 37 months as to Count One, and 60 months

---

[1]Petitioner was charged in all six counts.

as to Count Six, to be served consecutively, for a total term of imprisonment of 120 months; 6 years of supervised release as to Count One and 5 years of supervised release as to Count Six, to be served concurrently; a Special Monetary assessment of $100.00 (Criminal No. 13-534, d.e. 3650). Judgment was entered on that same day (Criminal No. 13-534, d.e. 3652). On September 18, 2015, the Court entered an Amended Judgment to correct the amount of Special Monetary Assessment to $200.00 (SMA) (Criminal No. 13-534, d.e. 3673). Muñoz Rivera did not file an appeal.

On June 29, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and Memorandum of Law in Support thereof (d.e.1, 1-1). On September 30, 2016, Respondent filed a Response in Opposition (d.e. 5). On June 13, 2017, Petitioner filed a Reply to Respondent's Response in Opposition (d.e. 11). On July 11, 2017, Respondent filed an Amended Reply to Respondent's Response in Opposition (d.e. 12).

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962). Claims that do not allege constitutional or jurisdictional errors are properly brought under Section 2255

only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion under Section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

## III. DISCUSSION

Muñoz Rivera moves to vacate, set aside or correct his sentence on the following grounds: (1) Double Jeopardy; and (2) Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015) (d.e.1, 1-1 at p. 4).

### A. Double Jeopardy Claim

Petitioner claims that his conviction violates the Double Jeopardy Clause of Fifth Amendment because he has two convictions for possession of a firearm in furtherance of a drug trafficking crime (d.e. 1, 1-1 at p. 6). Petitioner contends that besides the instant conviction for possession of a firearm in furtherance of a drug trafficking crime, he has a prior conviction for said crime

(Id.). Petitioner also claims ineffective assistance of counsel because his attorney failed to raise a Double Jeopardy argument (d.e. 1, 1-1 at pp. 6-7).

Petitioner has failed to set forth facts to support his contention that he has a prior federal conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The record reflects that Petitioner has a prior federal conviction for possession of a machinegun in violation of 18 U.S.C. § 922(o) and § 924(a)(2) (Criminal No. 13-534, d.e. 3566 at p. 23).[2] The U.S. Supreme Court has established that two charges are not the "same offense" when each statutory provision "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

To obtain a conviction for possession of a machinegun in violation of Section 922(o), the Government must prove beyond a reasonable doubt that the defendant: (1) possessed a machinegun;[3] and (2) had knowledge of the automatic shooting capacity. See United States v. Nieves-Castano, F. 3d 597, 599-600 (1st Cir. 2007). To obtain a conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of Section 924(c), the Government must prove beyond a reasonable doubt that the defendant: (1) committed a drug trafficking crime; (2) knowingly possessed a firearm; and

---

[2] Criminal No. 12-629(FAB).

[3] The term machinegun means - any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of a trigger. The term shall also include the frame or receiver of such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person, as said term is defined in 26 U.S.C. §5845(b).

(3) possessed the firearm in furtherance of a drug trafficking crime. See United States v. Pena, 586 F.3d 105, 112 (1st Cir. 2009). It is clear that he set of elements that the Government has to prove to obtain a conviction under Section 924(c) are completely different than the set of elements that the Government has to prove to obtain a conviction under Section 922(o).

Consequently, the offense for which Petitioner was convicted in the instant case – possession of a firearm in furtherance of a drug trafficking crime – is not the same offense for which he was convicted previously in Criminal No. 12-629(FAB).[4] Therefore, Petitioner's claim that his conviction violates the Double Jeopardy Clause of Fifth Amendment is meritless. More so, since the Double Jeopardy clause has no application, counsel cannot be deemed to have acted ineffectively by not raising a Double Jeopardy argument.

**B.	Johnson v. United States, 576 U.S. \_\_\_\_, 135 S.Ct. 2551 (2015)**.

Petitioner filed his Section 2255 Motion seeking that his sentence be vacated under Johnson v. United States, 576 U.S. \_\_\_\_, 135 S.Ct. 2551 **(2015),** based on the fact that he was convicted under 924(c) (d.e. 1, 1-1 at p. 8).

In Johnson v. United States, \_\_\_ U.S. \_\_\_\_, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, \_\_\_ U.S. at \_\_\_\_, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those

---

[4]Possession of a machinegun in violation of Section 922(o).

with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  The underlined portion above is known as the ACCA's "residual clause."  The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate."  <u>Id.</u>  On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review.  <u>Welch v. United States</u>, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

   In turn, Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" <u>or</u> a drug trafficking crime.  Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>."  18 U.S.C. § 924(c)(3)(B) (emphasis added).  The underlined portion above is known as the "residual clause" of Section 924(c)(3).  But it should be noted that Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a drug

crime. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither Petitioner conviction nor sentence rests upon Section 924(c)'s definition of a "crime of violence," Johnson is inapplicable to the circumstances of his case.

## IV. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

For the reasons stated, Anthony Muñoz Rivera' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) is DENIED. This case is DISMISSED, WITH PREJUDICE. Judgment shall be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge